UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-80155-CR-MARRA/HOPKINS(s)(s)(s)

UNITED STATES OF AMERICA

vs.

PETER DEL TORO,

        Defendant.



_____/

**REPORT AND RECOMMENDATION ON DEFENDANT PETER DEL TORO'S *DAUBERT*
MOTION REGARDING PAUL DOERING (DE 960)**

      This cause came before this Court on an Order of Referral (DE 494). The Court has before it

DEFENDANT PETER DEL TORO'S *DAUBERT* MOTION REGARDING PAUL DOERING (DE 960),

the response (DE 991) and the reply (DE 999). A hearing was held on October 11, 2013.

      The Government presented Professor Paul Doering ("Doering") as an expert in pharmacy practice.

Testimony by expert witnesses is governed by Federal Rule of Evidence Rule 702.

      Rule 702 provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

      "[E]xperts may be qualified in various ways. While scientific training or education may provide

possible means to qualify, experience in a field may offer another path to expert status." *United States v.*

*Frazier*, 387 F.3d 1244, 1260-61 (11th Cir.2004); *see also Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co.*, 674 F.Supp.2d 1321, 2009 WL 4809877, *3 (S.D.Fla. Dec. 15, 2009) (qualification prong for expert testimony is "not stringent" in that "so long as the expert is minimally qualified, objections to the level of the expert's expertise [go] to credibility and weight, not admissibility") (citations omitted).

For the past 32 years Doering has been a Professor of Pharmacy Practice at the College of Pharmacy, University of Florida (DE 991-1). His CV contains an impressive list of professional positions, publications, awards and honors (DE 991-1). He has testified as an expert witness on pharmacy practice in 11 federal cases and 6 state cases. He is clearly qualified as an expert in pharmacy practice.

Rule 702, as interpreted by *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), requires expert scientific evidence to be both reliable and relevant pursuant to Rule 702. *Daubert*, 509 U.S. at 589. Thus, the evidence must: (1) constitute scientific knowledge; and (2) assist the trier of fact to understand the evidence or to determine a fact at issue. *Id.* at 589-91, 113 S.Ct. 2786. The scientific knowledge question requires the trial court to consider the theory or technique upon which the testimony is based in light of at least five factors: (1) whether the theory or technique can be and has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error for that theory or technique; (4) the existence and maintenance of standards controlling the theory or technique's operation; and (5) whether the theory or technique has attained general acceptance within the relevant scientific community. *Id.* at 593-94; *United States v. Gilliard*, 133 F.3d 809, 812 (11th Cir.1998).

To the extent that expert opinions are derived from literature review, witness interviews and data analysis, they are not automatically rendered unreliable by their non-susceptibility to empirical verification.

2

*See American General Life Ins. Co. v. Schoenthal Family, LLC*, 555 F.3d 1331, 1338 (11th Cir.2009) ("Standards of scientific reliability, such as testability and peer review, do not apply to all forms of expert testimony," and the court has discretion to deem expert testimony reliable based upon personal knowledge or experience). However, "[n]othing in either *Daubert* or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the *ipse dixit* of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered." *General Electric Co. v. Joiner*, 522 U.S. 136, 146, 118 S.Ct. 512, 519, 139 L.Ed.2d 508 (1997). An important factor under *Daubert* is the testability of an expert's conclusions and theory, which includes the ability to rule out other potential explanations. *See Michaels v. Avitech, Inc.*, 202 F.3d 746, 754-55 (5th Cir.2000).

In determining whether the evidence appropriately assists the trier of fact, Fed.R.Evid. 403 plays an important role in excluding overly prejudicial evidence, because "[e]xpert evidence can be both powerful and quite misleading because of the difficulty in evaluating it." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993) (quoting Weinstein, Rule 702 of the Federal Rules of Evidence is Sound; It Should Not Be Amended, 138 F.R.D. 631, 632 (1991)); *United States v. Henderson*, 409 F.3d 1293, 1302 (11th Cir. 2005).

"The court serves as a gatekeeper, charged with screening out experts whose methods are untrustworthy or whose expertise is irrelevant to the issue at hand." *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1250 (11th Cir.2007). District courts must consider whether the expert can testify competently on the areas he intends to discuss, whether the expert's methodology is sufficiently reliable, and whether the expert's testimony, through the application of his scientific, technical, or specialized expertise, will assist the trier of fact to understand the evidence. *See United States v. Rouco*, 765 F.2d 983, 995 (11th Cir.1985)

(expert may be used if his testimony can offer something "beyond the understanding and experience of the average citizen"), *cert. denied*, 475 U.S. 1124, 106 S.Ct. 1646, 90 L.Ed.2d 190 (1986); *United States v. Burchfield*, 719 F.2d 356, 357 (11th Cir.1983) (*per curiam*) (expert testimony admissible where it is "the kind that enlightens and informs lay persons without expertise in a specialized field"); *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir.1998).

This gatekeeping function is guided by the well-established principle that "[t]he proponent of the expert testimony carries a substantial burden under Rule 702" to show admissibility of that testimony by a preponderance of the evidence. *Cook ex rel. Estate of Tessier v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1107 (11th Cir.2005); *see also Boca Raton Community Hosp., Inc. v. Tenet Health Care Corp.*, 582 F.3d 1227, 1232 (11th Cir.2009) ("The offering party must show that the opinion meets the *Daubert* criteria, including reliable methodology and helpfulness to the factfinder . . ., by a preponderance of the evidence.").

The Government and the Defendant agreed that the witness could testify about the standards of practice for pharmacists in filling prescriptions and whether they were adhered to in this case.

The Defendant challenged the witness's ability to testify about the law or ultimate issues of guilt. The Government agreed that he would do neither. The Government agreed that it would limit his references to the law to instances where lack of FDA approval provide a "red flag" for the practicing pharmacist.

The defense challenged the witness's ability to testify about "price gouging" as a "red flag" for improper dispensing of prescriptions. The Government established that the witness has conducted a research project in the area of what patients will ultimately pay for drugs, and is very interested in the area of pharmacal economics. He is familiar with what drugs cost and what people will pay for them. He talked with other pharmacists in other cases about the cost of oxycodone 30 milligrams and checked with

4

a local pharmacist about the wholesale price, which does not vary much from wholesaler to wholesaler. The Government established that the witness's cost analyses were based upon reliable methodology.

The defense also challenge the witness's pattern prescribing analyses. The witness testified that when he performed a pattern prescribing analysis that he would use a spreadsheet to sort and analyze by drug, patient, prescriber, zip codes, distances between patients and physicians, distances between physicians and pharmacies, whether the prescriptions were being transmitted by electronic means, and other "red flags" such as lack of FDA approval. In analyzing the types and volumes of drugs dispensed the witness compared the data from the instant case with figures for typical community pharmacies. The Government established that the witness's pattern prescribing analyses were based upon reliable methodology.

In conclusion, it is hereby **RECOMMENDED** that Defendant PETER DEL TORO'S *DAUBERT* MOTION REGARDING PAUL DOERING (DE 960) be **DENIED** and that the witness be deemed an expert in pharmacy practice and be allowed to testify in the manner described above.

## NOTICE OF RIGHT TO OBJECT

Pursuant to Local Magistrate Rule 4(b), the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable United States District Judge Kenneth A. Marra within *four (4) business days* (until October 28, 2013) after being served with a copy. The Court is expediting any objections to this Report and Recommendation based upon the imminent trial date and pursuant to S.D. Fla. Local Mag. J. R. 4(a). Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(2); *R.T.C. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (*en banc*).

**DONE** and **SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 22 day of October, 2013.

*James M. Hopkins*

---
JAMES M. HOPKINS
UNITED STATES MAGISTRATE JUDGE

Copies to:
Hon. Kenneth A. Marra
Counsel of record